SOCIETE NOUVELLE DE ROULEMENTS (SNR), PLAINTIFF *v.* UNITED STATES, DEFENDANT, TORRINGTON CO. AND FEDERAL-MOGUL CORP., DEFENDANT-INTERVENORS

Court No. 92–07–00520

(Dated August 23, 1996)

## JUDGMENT

TSOUCALAS, *Judge:* On June 3, 1996, this Court, in *Societe Nouvelle de Roulements (SNR) v. United States,* 20 CIT 662, 927 F. Supp. 1558 (1996), remanded the final results entitled *Antifriction Bearings (Other than Tapered Roller Bearings) and Parts Thereof From France; et al.; Final Results of Antidumping Duty Administrative Reviews ("Final Results")* 57 Fed. Reg. 28,360 (1992), and amended by *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Sweden, and the United Kingdom; Amendment to Final Results of Antidumping Duty Administrative Reviews,* 57 Fed Reg. 59,080 (1992). The Court ordered the Department of Commerce, International Trade Administration ("Commerce"), to reconsider its refusal to correct two errors allegedly contained in plaintiff's model identification codes and in the computer tape field identifying the bearing family, in light of *NTN Bearing Corp. v. United States,* 73 F.3d 1202 (Fed. Cir. 1995).

In accordance with the Court's instructions in *SNR,* Commerce reconsidered its decision in the Final Results to not correct errors allegedly made by plaintiff in its reported home market model codes and families for certain bearing models. In the *Societe Nouvelle de Roulements v. United States, Slip Op. 96–87 (June 3, 1996), Final Results of Redetermination Pursuant to Court Remand ("Redetermination on Remand"),*

filed August 2, 1996, Commerce concluded that correction of the clerical errors is appropriate in this case. Accordingly, it corrected plaintiff's product identification numbers and modified the computer program to ensure that identical matches are selected where they exist. Plaintiff's recalculated weighted-average percentage dumping margins for May 1, 1990—April 30, 1991, is 8.08% for ball bearings and 18.37% for cylindrical roller bearings. *Redetermination on Remand.*

Therefore, the Court sustains Commerce's Redetermination on Remand in its entirety. This case is dismissed.